## Blaser v. Sharpsburg Foundry Company

*H. S. Abrams*, for appellants; *Murray J.* and *Fred J. Jordan*, for appellee.

MACFARLANE, P. J., March 17, 1932.—Claimant has appealed from the decision of the Workmen's Compensation Board, holding that although claimant was on his employer's premises when injured, he was not engaged in the furtherance of the business or affairs of the employer.

The findings of the referee are informal. He sums up the testimony of the claimant and that of the foreman and concludes:

"From all of the testimony in the case and considering the fact that the claimant was working at irregular times for the defendant, owing to slack work, and had been laid off May 22nd, and on May 25, 1931, returned during the afternoon to inquire whether there would be work for him on the following day, May 26th, and, while standing talking to the foreman received the injury complained of, it is our opinion that the claimant on May 25, 1931, was not in the regular course of his employment with the defendant and that the accident complained of was not received while the claimant was furthering the interest or affairs of the employer."

The testimony of the claimant as quoted was that he had worked for the defendant for some time before May 25th, and the foundry was only working for two or three days a week, and the last work he did was May 22nd; when he finished his day he asked the foreman whether there would be work for him Monday, and the foreman said he did not know, but there might be some work on Tuesday, and to come in Monday afternoon and find out whether they would need him on Tuesday.

The testimony of the foreman was that claimant was laid off on the 22nd, due to no work, and returned on the 25th and asked if there would be any work the following day, and the foreman told him to come out in the morning and there might be something for him; also, that it was optional with the employes whether or not they came up to inquire for work during layoff periods.

The opinion of the board by Dale, Chairman, states that the claimant was generally in the employ of the defendant, and there was a temporary depression and claimant was only working two or three days a week, and claimant called at the plant and inquired whether he would be needed on Tuesday, and after receiving the answer, was talking with the foreman "in miscellaneous conversation," when a chip of steel flew from a shovel which the foreman was dressing and struck the claimant in the eye, injuring him.

We agree with the conclusion, which is fully supported by the reasoning and authorities in the opinion.

If the foreman did state to him that he could come back and see if there would be work the next day, this would not change the conclusion. He was not work-

66

ing, nor did he come upon the premises to go to work. His presence was not required, and we do not think the fact that it might be to the mutual advantage of the claimant and the employer that he should know beforehand constitutes such a furtherance of the employer's business as is contemplated by the law. His presence was optional and the statement of the foreman was not an order or direction.

*Order*

Now, March 17, 1932, claimant's exceptions are overruled and petition dismissed. It is ordered that judgment be entered in favor of the defendant, Sharpsburg Foundry Company, and against the claimant, Frank Blaser.

From William J. Aiken, Pittsburgh, Pa.